IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Reverend Dr. Samuel T. Whatley; Samuel Whatley, II, | Case No. 2:23-cv-02500-JDA |
| Plaintiffs, | |
| v. | **OPINION AND ORDER** |
| Medical University of South Carolina, | |
| Defendant. | |

This matter is before the Court on a Complaint filed by Plaintiffs. [Doc. 1.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

Plaintiffs' Complaint alleges that Plaintiffs requested that Defendant provide medical treatment to their family member, Eunice Greene Thompson, but Defendant refused to provide the treatment that they requested and Thompson died in the fall of 2022 after Defendant left her off of life support for seven hours. [Doc. 1 at 5.] The Complaint also alleges that Defendant had "refused treatment to plaintiff(s) from 2021 to 2022 by unlawfully requiring proof of vaccination as a condition of treatment." [*Id.*] As their relief, they seek "[c]ompensation for the pain and suffering caused by lack of care that resulted in the death of a family member. That is, the bills incurred and ignoring the request to do the rehabilitation therapy despite having the equipment and personnel to do so." [*Id.*]

On June 23, 2023, the Magistrate Judge issued an Order advising Plaintiffs that their Complaint, as filed, is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted (the "Order Regarding Amendment").  [Doc. 12.]  The Order Regarding Amendment stated that Plaintiffs failed to state a claim upon which relief could be granted pursuant to the Emergency Medical Treatment and Active Labor Act ("the Act").  [*Id.*]  The Magistrate Judge explained that to recover under the Act, "a plaintiff must show that he (1) suffered 'personal harm' as (2) a 'direct result' of (3) the hospital's violation," and that Plaintiffs failed to plausibly allege any of those elements.  [*Id.* at 3–5.]  The Magistrate Judge granted Plaintiffs 21 days from the date that the Order was entered (plus three days for mail time) to file an amended complaint correcting the identified deficiencies.  [*Id.* at 5.]

Plaintiffs did not file an amended complaint, but instead, on July 7, 2023, filed an "Objection and Motion" to the Court's Order, asking the Court to authorize service based on the Complaint they had already filed.  [Doc. 14.]  In the filing, Plaintiffs argued that the Magistrate Judge "attempt[ed] to interfere in due process involving medical malpractice and wrongful death of a family member, Eunice Greene Thompson, by insinuating that . . . the socio-economic status of plaintiffs[] justifies blocking defendant from being served."  [*Id.* at 1.]  Plaintiffs also repeated the allegations made in their Complaint and alleged that "Defendant knowingly covered up the wrongful death by deleting any medical records associated with [Thompson] and did not inform plaintiffs after removing [Thompson] off life support."  [*Id.* at 1–2.]  Plaintiffs incorporated documentation

2

supporting their contention that they had requested treatment of the type that Defendant was capable of providing. [*Id.* at 3–17.] They also added allegations concerning a different family member who was denied care by Defendant's personnel. [*Id.* at 17–18.]

On August 15, 2023, the Magistrate Judge issued a Report and Recommendation (the "Report"). [Doc. 19.] In the Report, the Magistrate Judge noted Plaintiffs' "Objection and Motion" and concluded from the filing that "it appear[ed] [Plaintiffs] have elected to stand on their Complaint as filed." [*Id.* at 1.] The Magistrate Judge therefore concluded that, for all the reasons in the Order Regarding Amendment, the Complaint was subject to summary dismissal pursuant to 28 U.S.C. § 1915(2)(2)(B)(ii) for failure to state a claim upon which relief can be granted, and the Magistrate Judge denied Plaintiffs' motion to serve Defendant on that basis. [*Id.* at 1 & n.1.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so.

Plaintiffs then filed objections to the Report. [Doc. 22.] In the objections, Plaintiffs merely restate the factual basis for their claim without addressing the Magistrate Judge's legal analysis, including the deficiencies the Magistrate Judge identified in the Complaint. [*Id.*]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or

modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (internal quotation marks omitted)).

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge—including the denial of Plaintiffs' motion to serve Defendant—for clear error. Having done so, the Court finds no clear error, accepts the Report and Recommendation of the Magistrate Judge, and incorporates it by reference. Accordingly, the action is DISMISSED without prejudice and without issuance and service of process.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

Columbia, South Carolina
April 8, 2024

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

4